**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHAMALÉ COVE**<br>**CONDOMINIUM ASSOCATION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2251** |
| **CERTAIN UNDERWRITERS**<br>**AT LLOYD'S LONDON** | **SECTION: "G"(2)** |

<u>**ORDER AND REASONS**</u>

Plaintiff Chamalé Cove Condominium Association, Inc. ("Plaintiff") brings this suit against Defendants Certain Underwriters at Lloyd's, London (collectively, "Defendants") as a result of Defendants' alleged failure to indemnify Plaintiff under two insurance policies.[1] Before the Court is Plaintiff's "Motion to Remand."[2] In the motion, Plaintiff contends that Defendants improperly removed the case because this Court lacks subject matter jurisdiction due to a lack of complete diversity amongst the parties.[3] Defendants oppose the motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

This litigation arises from alleged property damage to Plaintiff's property located in Slidell, Louisiana, resulting from a line of thunder storms on April 10, 2024.[5] Plaintiff is the homeowners'

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 9.

[3] *Id.*

[4] Rec. Doc. 11.

[5] Rec. Doc. 1-1 at 7.

association responsible for the operation of the Chamalé Cove Condominiums, which consists of buildings that contain residential condominium units owned by individual unit owners (the "Property").[6] Plaintiff avers that Defendants insured the Property against loss and damage caused by wind, hail, water, and other perils.[7] Further, Plaintiff asserts that it provided Defendants with timely notice of the loss event and took reasonable steps to mitigate the damages caused by the loss event.[8] Plaintiff avers that despite being owed obligations under its insurance policies with Defendants, Defendants failed to pay Plaintiff the amount due in connection with the claim arising from the April 10, 2024 storms.[9]

On June 23, 2025, Plaintiff filed a petition for damages in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[10] In the petition, Plaintiff brings claims for breach of contract and bad faith penalties against Defendants.[11] The property was insured by two policies: (1) Policy No. EW0228723 ("Policy One"), which insures eighty-five percent (85%) of the risk; and (2) Policy No. EW0228823 ("Policy Two"), which insures fifteen percent (15%) of the risk.[12] The syndicates subscribed to Policy One are: (1) AEGIS London Property Consortium 7819; (2) WBC Syndicate 5886; and (3) KII Syndicate 1618.[13] AEGIS London Property Consortium 7819 is further comprised of three syndicates: (1) AES Syndicate 1225; (2) MRS

---

[6] Rec. Doc. 1-1 at 2; Rec. Doc. 9-2.

[7] Rec. Doc. 1-1. at 7.

[8] *Id.*

[9] *Id.* at 8.

[10] *Id.*

[11] *Id.* at 9–10.

[12] *Id.* a 5–6.

[13] Rec. Doc. 1 at 7.

Syndicate 0457; and (3) AFB Syndicate 5623.[14] APL Syndicate 1969 is the only syndicate subscribing Policy Two.[15]

On November 3, 2025, Defendants removed the case to this Court asserting diversity jurisdiction.[16] In the Notice of Removal, Defendants assert that removal is proper because the amount in controversy requirement is met and the parties are diverse, because Defendants' managers are citizens of the United Kingdom and Plaintiff is a citizen of Louisiana.[17] On December 3, 2025, Plaintiff filed the instant Motion to Remand.[18] On December 30, 2025, Defendants filed an opposition to the motion.[19] On January 5, 2026, Plaintiff filed a reply in further support of the motion.[20] On January 14, 2026, Defendants filed a sur-reply in further opposition to the motion.[21]

## II. Parties' Arguments

### A.    Plaintiff's Arguments in Support of Remand

Plaintiff argues that the Court should remand this matter because Defendants have not established that the parties are diverse.[22] Plaintiff does not dispute that it is a citizen of Louisiana.[23] However, Plaintiff asserts that Defendants have not demonstrated the citizenship of various Names

---

[14] *Id.*

[15] *Id.* at 8.

[16] Rec. Doc. 1.

[17] *Id.*

[18] Rec. Doc. 9.

[19] Rec. Doc. 11.

[20] Rec. Doc. 14.

[21] Rec. Doc. 18.

[22] Rec. Doc. 9.

[23] *See* Rec. Doc. 9-2.

that subscribed to the policies.[24] Plaintiff avers that instead, Defendants simply stated the syndicate numbers, without actually identifying the Names that comprise the syndicates.[25] Moreover, Plaintiff contends that the citizenship of all Names must be taken into account in this Court's diversity jurisdiction analysis, because they are all real parties in interest.[26] Additionally, Plaintiff asserts that Defendants only identified the managers of several syndicates instead of the Names that comprise those syndicates.[27] Therefore, Plaintiff argues that Defendants have failed to meet their burden of establishing diversity by failing to allege the citizenship of the Names.[28]

### B.    *Defendants' Arguments in Opposition to Remand*

In opposition, Defendants assert that "Plaintiff erroneously argues, without any supporting evidence, that the syndicates subscribing to the policy are comprised of multiple 'Names.'"[29] However, Defendants assert that each syndicate subscribing to the policies at issue are "wholly owned and operated by one corporate entity or 'Name'– not multiple 'Names.'"[30]

Further, Defendants offer search results from the online records of "Companies House the United Kingdom's registrar of companies," for each of the single entities that they allege comprise each of the syndicates subscribing to the policies.[31] Defendants aver that these records establish

---

[24] *Id.* at 10.

[25] *Id.*

[26] *Id.* (citing *Jefferson v. Am. Sugar Refin., Inc.*, No. 10-4442, 2017 WL 894652 (E.D. La. Mar. 7. 2017)).

[27] *Id.* at 11.

[28] *Id.*

[29] Rec. Doc. 11 at 2.

[30] *Id.*

[31] *Id.*; Rec. Doc. 11-1. These entities, which are allegedly the sole "Names" for the corresponding syndicates include: AEGIS Electric & Gas International Services Limited for AES Syndicate 1225, Munich Re Specialty Group for MRS Syndicate 0457; Beazley, PLC for AFB Syndicate 5623; White Bear Capital Limited for WBC Syndicate 5886; Asta Capital Limited for KII Syndicate 1618; and Apollo Partners, LLP for APL Syndicate 1969. *Id.* at 4–5.

that the single corporate entities who belong to each of the syndicates at issue are "British private limited companies, and as such, are considered citizens of the United Kingdom."[32] Moreover, Defendants contend that Plaintiff's assertion that Defendants erroneously identified the managers of the Names instead of the names themselves is misplaced.[33] Defendants concede that the citizenship of a Name's managing agent is not relevant to the diversity inquiry.[34] However, Defendants aver that their use of the word "managed" in the Notice of Removal and Corporate Disclosures, does not refer to the Names' managing agent.[35] Thus, because it is undisputed that Plaintiff is a citizen of Louisiana, Defendants assert they have established that they are completely diverse from Plaintiff and that this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332.[36]

**C.      *Plaintiff's Arguments in Further Support of Remand***

In the reply-brief, Plaintiff reasserts that Defendants have only pled the citizenship of the Names' managing agents instead of the Names themselves.[37] Further, Plaintiff rejects Defendants' contention that the entities they referred to as managers of the syndicates in the Notice of Removal and Corporate Disclosure are actually the Names/owners of the syndicates.[38] Plaintiff points out that Defendants still offer no evidence, other than their own unsworn hearsay statement, to support

---

[32] *Id.* at 2. Defendants clarify that MRS Syndicate 0457 is the sole member of Munich Re Specialty Group Limited, which is incorporated in Germany, suggesting that this entity may also be a German citizen. *Id.* at 11.

[33] *Id.* at 13.

[34] *Id.* at 14.

[35] *Id.* at 13.

[36] *Id.* at 2.

[37] Rec. Doc. 14 at 1–2.

[38] *Id.* at 8.

this contention.[39] Additionally, Plaintiff submits that, even considering the corporate documents attached to Defendants' opposition, the Court cannot definitively determine the Names comprising the relevant syndicates.[40]

Moreover, Plaintiff asserts that Apollo Partners, LLP, one of the alleged members of APL Syndicate 1969, is a limited liability partnership.[41] Thus, Plaintiff contends that the citizenship of this entity would be determined by the citizenship of each of its partners.[42] Therefore, Plaintiff avers that Defendants have failed to allege the members of Apollo Partners, LLP, by merely attaching another document from the United Kingdom Companies House, which purportedly shows the members of that partnership.[43]

**D.      *Defendants' Arguments in Further Opposition to Remand***

In the sur-reply brief, Defendants reassert that their use of the term "managed" in the Notice of Removal and Corporate Disclosure is irrelevant to the issue of diversity.[44] Additionally, Defendants submit that Plaintiff has not pointed to any evidence that any of the Defendants are citizens of Louisiana.[45] In response to Plaintiff's arguments about the unsworn hearsay evidence, Defendants offer the allegedly authenticated certificates of incorporation for AEGIS Electric & Gas International Services Limited, Munich Re Specialty Group Limited, Beazley, PLC, White

---

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008)).

[43] *Id.* at 9.

[44] Rec. Doc. 18 at 1–2.

[45] *Id.* at 2.

Bear Capital Limited, Asta Capital Limited, and Apollo Partners, LLP.[46] Further, Defendants put forth the Application for the Incorporation of a Limited Partnership for Apollo Partners, LLP, with a list of the partners including Metacomet, LLC, and Apollo Underwriting Limited.[47] Therefore, Defendants maintain that "actual documentary evidence, which has been used by this court to support diversity in other cases, demonstrates that complete diversity exists between Plaintiff and Defendants."[48]

### III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[49] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."[50] The removing party bears the burden of demonstrating that federal jurisdiction exists.[51] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal," and "[a]ny ambiguities are construed against removal."[52]

---

[46] Rec. Docs. 18-1, 18-2, 18-3, 18-4, 18-5, 18-6. Several of the certificates of incorporation were issued to the predecessor names of the listed companied. Defendants attach several documents showing that the company names were changed as they are currently listed.

[47] Rec. Doc. 18-6.

[48] Rec. Doc. 18 at 3.

[49] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

[50] 28 U.S.C. § 1332.

[51] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[52] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[53] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[54] On a motion to remand, in particular, the removing party bears the burden of establishing the citizenship of relevant parties for the purpose of demonstrating complete diversity.[55]

### IV. Analysis

Plaintiff does not dispute that the amount in controversy requirement is met, nor does it dispute that it is a citizen of Louisiana. Instead, Plaintiff asserts that Defendants have not met their burden of establishing complete diversity of citizenship of all the Names, which make up the syndicates subscribed to the policies at issue. Defendants argue that they have properly pled the citizenship of each Name, and therefore the Court should not remand this case.

In *Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, another Section of this Court succinctly described the insurance market at Lloyd's, London as follows:

> Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. Thus, a policyholder insures at Lloyd's but not with Lloyd's. Overall, while an insured receives a Lloyd's "policy" of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk. The Names are jointly and severally obligated to the insured for the percentage of the risk each has agreed to assume. With respect to the requirement of complete diversity for subject matter

---

[53] *Id.*

[54] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[55] *Jeanmarie v. Indian Harbor Ins. Co.*, 603 F. Supp. 3d 364, 369 (E.D. La. 2022) (citing *Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F. Supp. 2d 760, 768 (S.D. Tex. 2007)).

jurisdiction based on diversity, the majority of courts that have addressed this issue have found that each Name must be diverse.[56]

The syndicates whose citizenship are at issue here include: (1) AES Syndicate 1225; (2) MRS Syndicate 0456; (3) AFB Syndicate 5623[57]; (4) WBC Syndicate 5886; (5) KII Syndicate 1618; and (6) APL Syndicate 1969. Thus, the Court looks to the "Names" that own each syndicate to determine if the parties are diverse.[58] The alleged owners of each syndicate include: AEGIS Electric & Gas International Services Limited for AES Syndicate 1225; Munich Re Specialty Group for MRS Syndicate 0457; Beazley, PLC for AFB Syndicate 5623; White Bear Capital Limited for WBC Syndicate 5886; Asta Capital Limited for KII Syndicate 1618; and Apollo Partners, LLP for APL Syndicate 1969. According to the certificates of incorporation, AEGIS Electric & Gas International Services Limited, Munich Re Specialty Group, Beazley, PLC, White Bear Capital Limited, and Asta Capital Limited are all incorporated in the United Kingdom as "Private Limited Compan[ies]," which does not have an exact entity equivalent in the United States (e.g. corporation, partnership, limited liability company, etc.).[59] Thus, "[w]hether a court should treat a foreign business entity as the equivalent of an American corporation for the purposes of diversity jurisdiction is a complicated question."[60] Accordingly, the Court will address the citizenship of purported British limited company Names and the sole limited liability partnership Name in turn.

---

[56] No. 22-973, 2022 WL 2208206, at *3 (June 21, 2022) (internal citations omitted).

[57] The first three syndicates collectively make up AEGIS London Property Consortium 7819.

[58] *Green*, 2022 WL 2208206, at *3.

[59] *Id.* at 4; *see Karpel v. Knauf Gips KG*, No. 21-24168, 2023 WL 3845507, at *2 (S.D. Fla. June 6, 2023) ("The true nature of a foreign limited company may vary depending on its treatment in the country of origin.").

[60] *Green Coast, Enters., LLC*, 2022 WL 2208206, at *4.

The Fifth Circuit has adopted a juridical person approach where "the relevant inquiry is whether an entity is a 'citizen or subject' of a foreign state within the meaning of § 1332(a)."[61] An entity will be considered a foreign citizen "so long as the entity is considered a juridical person under the law [of the country] that created it."[62] Following the Fifth Circuit's guidance, in *Green Coast Enterprises, LLC*, a judge in this District reasoned that:

> A private limited company [under United Kingdom law] has all of [the hallmarks of an American corporation]: a separate legal identity with separate liability; at least one director and one secretary; marketable stocks, though they cannot be sold on the public exchange; required annual reports to the Companies House, the United Kingdom's equivalent of a State Corporation Commission; and no pass-through taxation.[63]

Further, multiple other district courts that have addressed this issue have held that "[United Kingdom] private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction."[64] The federal diversity jurisdiction statute provides that a corporation is a citizen of its state-of-incorporation and "of the State where it has its principal place of business."[65] Defendants have provided file stamped copies of the certificates of incorporation for AEGIS Electric & Gas International Services Limited, Munich Re Specialty Group, Beazley, PLC,

---

[61] *Berik Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 298 (5th Cir. 2010).

[62] *Id.* (Determining that a "stiftung"—a business entity formed pursuant to Liechtenstein law—is a "juridical person" and foreign citizen because it is a "legally and economically independent entity . . . separated from the founder's personal assets" and with assets of its own).

[63] 2022 WL 2208206, at *4 (quoting *Brink's Co. v. Chubb European Grp. Ltd.*, No. 20-520, 2020 WL 6829870, at *6 (E.D. Va. Nov. 20, 2020)).

[64] *SHLD, LLC v. Hall*, No. 15-6225, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015) (alteration in original); *see also, e.g., SNC-Lavalin Constructors, Inc. v. Tokio Marine Kiln Ins. Ltd.*, No. 19-873, 2021 WL 2550505, at *6 (D. Md. June 21, 2021); *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, No. 13-93, 2013 WL 5929816 at *3 (D. Conn. Nov. 4, 2013*); Simon Holdings PLC Grp. of Cos. U.K. v. Klenz*, 878 F. Supp. 210, 211 (M.D. Fla. 1995); *Chok v. S & W Berisford, PLC*, 624 F. Supp. 440, 441 (S.D.N.Y. 1985) (accepting the parties' agreement that a British private limited company "is a corporation formed under the laws of the United Kingdom," and therefore treats it as a corporation for purposes of diversity determination).

[65] 28 U.S.C. § 1332(c)(1).

White Bear Capital Limited, and Asta Capital Limited, showing that these entities are all private limited companies, incorporated in the United Kingdom.[66] Moreover, these certificates of incorporation display registered office addresses in the United Kingdom,[67] and Defendants undisputedly assert that these entities' principal places of business are located in the United Kingdom.[68] Accordingly, the Court finds that these entities are citizens of the United Kingdom. Thus, Defendants have met their burden of establishing that these entities are diverse from Plaintiff.

Turning to the citizenship of Apollo Partners, LLP, the parties do not dispute that this entity is and should be treated as a limited liability partnership.[69] "The citizenship of a limited partnership is based upon the citizenship of each of its partners."[70] Defendants have provided the certificate of incorporation of a limited liability partnership for Apollo Partners, LLP.[71] Attachments to that certificate of incorporation indicate that the partnership consists of Apollo Group Holdings, Limited and Apollo Group Services, Limited, both of which are private limited companies incorporated in the United Kingdom with "Principal Office Address[es]" in the United Kingdom.[72] Thus, the partners and the partnership are citizens of the United Kingdom. Therefore, because Plaintiff is undisputedly a citizen of Louisiana, and all Defendants are citizens of the United Kingdom, Defendants have met their burden of demonstrating complete diversity amongst the

---

[66] Rec. Docs. 18-1, 18-2, 18-3, 18-4, 18-5.

[67] *Id.*

[68] Rec. Doc. 1 at 4–5.

[69] Rec. Doc. 14 at 8–9; Rec. Doc. 18 at 2.

[70] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

[71] Rec. Doc. 18-6.

[72] Rec. Doc. 18-6.

parties. For this reason, the Court finds that diversity jurisdiction under 28 U.S.C.§ 1332 is satisfied, and Plaintiff's Motion to Remand must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand[73] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  29th  day of May, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[73] Rec. Doc. 9.